Eric L. Buchanan
*Licensed in Tennessee
and Georgia*

Hudson T. Ellis
*Licensed in Tennessee, Georgia
and the District of Columbia*



PO Box 11208
Chattanooga, TN 37401

(877) 634-2506 ▪ (423) 634-2506
Fax (423) 634-2505
www.buchanandisability.com

DISABILITY INSURANCE ATTORNEYS

December 4, 2019

**VIA ECF**



The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 618
New York, New York 10007

         ***Re:***       ***Dean Focarile v. The Prudential Insurance Company of Amercia***
                  ***Case No.: 1:19-cv-08325***

Dear Judge Failla:

In accordance with the procedures outlined in the Court's Notice of Initial Pretrial Conference (Ct. Doc. 8), the Parties have conferred and now jointly submit this letter as well as the attached Proposed Civil Case Discovery Plan, which has been modified where appropriate to conform with the procedures typically attendant to an action under 29 U.S.C. Section 1132(a)(1)(B) to recover benefits due under an ERISA welfare benefit plan.
.
1. Plaintiff's Position:

As to the nature of this action, Plaintiff is a participant in the Mastercard International Incorporated D/B/A Mastercard Long Term Disability Insurance Plan, which is an ERISA employee welfare benefit plan and brings this action pursuant to 29 U.S.C §1132(a)(1)(B) to recover benefits due to him under the terms of the Plan. Plaintiff became unable to work following after being hit by a falling piece of metal window framing and filed a claim for short-term and long-term disability benefits. Although paid short-term disability benefits, he was denied his claim for long-term disability benefits on May 21, 2018. Plaintiff appealed that denial by letter dated June 12, 2018 and Defendant affirmed its initial denial by letter dated December 11, 2018. Defendant allowed Plaintiff a second, voluntary appeal which Plaintiff elected to take and submitted his second appeal by letter dated June 7, 2019. With that letter, Plaintiff submitted further medical evidence supporting his disability that included objective evidence in the form of medical office notes, diagnostics, and procedural reports as well as opinion evidence from his

treating physicians and a vocational rehabilitation specialist. Defendant again upheld its denial, informing Plaintiff that this was its final decision by letter dated August 16, 2019. Having exhausted his internal appeals as is required by ERISA, Plaintiff filed suit.

Defendant's Position:

Prudential denied Plaintiff's claim for long-term disability ("LTD") benefits under an ERISA-governed welfare benefits plan (the "Plan"). Plaintiff stopped working as a tax, transfer pricing, and planning manager (a sedentary demand occupation) with Mastercard Worldwide on November 19, 2017, due to post-concussion syndrome. Following an internal medical review by a board-certified psychiatrist and neurologist, Prudential concluded Plaintiff was not impaired from performing the material and substantial duties of his reguar occupation and denied Plaintiff's LTD claim. Plaintiff appealed and Prudential requested independent medical reviews by board-certified physicians in neurology, ophthalmology, and physical medicine and rehabilitation/pain medicine, as well as a review by a licensed neuropsychologist. Overall, the medical review confirmed Plaintiff had certain restrictions (five hours of computer usage a day, forty-five minutes at at time, with a ten minute break) due to visual sequalae through April 9, 2018, and that after April 9, 2018, Plaintiff had restrictions of six hours of computer usage a day, forty-five minutes at a time, with ten minute breaks. Based on the medical review and a vocational review, Prudential concluded Plaintiff was not impaired from performing the material and substantial duties of his regular occupation through the entire elimination period under the Plan, which ended on May 20, 2018. Accordingly, Prudenital upheld its decision deny LTD benefits. Plaintiff filed a second appeal, and based on addendum medical reviews by the same ophthalmologist, physical medicine and rehabilitation/pain medicine specialist, and neuropsychologist that reviewed Plaintiff's first appeal and an additional vocational reivew, Prudential upheld its decision.

Defendant further notes that the applicable plan grants Prudential discretion to decide claims, so the Court's review should be limited to deciding whether Prudential acted reasonably based upon the evidence in the ERISA administrative record.

2. The parties anticipate that the main issues before the Court will be as follows:

    a. Does the Plaintiff meet the definition of disability contained in the controlling ERISA employee welfare benefit plan?

    b. Is the applicable standard of judicial review de novo or arbitrary and capricious?

    c. If the de novo standard of review applies, did Defendant correctly or incorrectly deny benefits?

    d. If the arbitrary and capricious standard of review applies, whether Defendant's decision to deny benefits was arbitrary and capricious?

  e. If Defendant had a conflict of interest as both the evaluator and payor of LTD benefits under the plan, and, if yes, whether this conflict of interest tainted Defendant's decision to deny LTD benefits?

3. This Court has jurisdiction over the subject matter of this action under the EmployeeRetirement Income Security Act ("ERISA"). See 28 U.S.C. § 1331, 29 U.S.C. §§ 1001 et seq. Venue is appropriate in this action because Plaintiff resides in this district.  and

4. Aside from the proposed deadlines, due dates, and/or cut-off dates in the attached proposed case management plan, the parties are not aware of any pending or otherwise impending deadlines, due dates or cut-off dates.

5. The parties stipulate that there are no outstanding motions before the Court.

6. At this time, parties have not begun discovery, however, as contemplated in the Proposed Case Management Plan, the Parties agree the parties' obligations under Fed. R. Civ. P. 26(a) will be satisfied by the Defendant providing Plaintiff with a copy of the ERISA administrative record on or before December 16, 2019.

   It is Plaintiff's position that limited discovery beyond the ERISA administrative record will be necessary for the Court to effectively evaluate whether or not Defendant had a conflict of interest as both the evaluator and payor of LTD benefits under the plan and, if yes, whether that conflict of interest tainted Defendants' decision to deny LTD benefits.

   It is Defendant's position that because this case is a claim for benefits from an employee benefit plan subject to ERISA, the case should be decided on the ERISA administrative record and that no discovery beyond the ERISA administrative record of Plaintiff's claim is appropriate or admissible in this case.

7. Parties have begun preliminary settlement discussions; Plaintiff provided Defendant with a demand letter on November 11, 2019.  At this time, parties do not believe that a settlement conference scheduled by the Court is or will be necessary in this case.

8. As is shown by the attached proposed case management plan, the parties are in agreement as to how this litigation should proceed and if discovery is allowed by order of this Court, anticipate for the close of all discovery to occur within six months. Since there are no issues either party wishes to raise with the Court, the parties respectfully requests that the initial pretrial conference be cancelled.

We thank the Court for its consideration of this request.

              Respectfully submitted,

              ERIC BUCHANAN & ASSOCIATES, PLLC

ATTORNEYS FOR PLAINTIFF

BY:    /s Noah Breazeale
         Noah Breazeale (Tenn. Bar #037152)
         Hudson Ellis (Tenn. Bar #28330)
         414 McCallie Avenue
         Chattanooga, TN 37402
         (423) 634-2506
         FAX: (423) 634-2505
         nbreazeale@buchanandisability.com
         ellish@buchanandisability.com

SEYFARTH SHAW, LLP
ATTORNEYS FOR DEFENDANT

BY:    /s Tara M Ellis
         Tara M. Ellis, Esq.
         620 Eighth Avenue
         32nd Floor
         New York, NY 10018
         (212) 218-5500
         FAX: (212) 218-5526

The initial pretrial conference currently scheduled for December 10, 2019, is hereby ADJOURNED *sine die*. Before the Court adopts a schedule for discovery and briefing of anticipated cross-motions for summary judgment, it wishes to resolve the parties' dispute concerning the propriety of extra-record discovery. The parties are ORDERED to submit a joint letter to the Court on or before December 20, 2019, presenting their disagreements concerning extra-record discovery, and the reasoning behind their disparate positions.

Dated:   December 5, 2019         SO ORDERED.
       New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE